IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

**TONY COLEMAN**                                                                    **PLAINTIFF**

vs.                              Case No. 2:12-cv-830

**WEATHERFORD INTERNATIONAL, LTD.**                              **DEFENDANT**

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES now Plaintiff Tony Coleman, by and through his attorney Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint against Defendant Weatherford International, Ltd. (hereinafter "Weatherford"), does hereby state and allege as follows:

**I.**

## INTRODUCTION, JURISDICTION AND VENUE

1.      Plaintiff seeks a declaratory judgment under 28 U.S.C. §§ 2201 and 2202 and compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq*.

2.      Jurisdiction of this action is conferred on this Court by 28 U.S.C. § 1331 and 28 U.S.C. § 1337.

3.      Plaintiff was hired into and worked out of Weatherford's yard/office/district in Marshall, Texas, at the beginning of his employment.

4.      Venue lies within this District, pursuant to 28 U.S.C. § 1391.

5.      At all times material herein, Plaintiff was entitled to the rights, protections and

benefits provided under the Fair Labor Standards Act (hereafter "FLSA") as amended, 29 U.S.C. § 201, *et seq.*

## II.

### THE PARTIES

#### A.    DEFENDANT

6.    Weatherford is a foreign corporation and was the employer of Coleman during all relevant time periods.

7.    Weatherford has a district office in Marshall, Texas, which is located at 5605 Medco Drive.

#### B.    PLAINTIFF

8.    Plaintiff was during parts od 2011 and 2012 a salaried employee serving Weatherford in one or more of a variety of positions.

9.    At all times relevant to this Complaint, Plaintiff was improperly classified as a salaried employee when he was in fact non-exempt from the overtime requirements of the Fair Labor Standards Act.

10.    Plaintiff was made to work far in excess of forty (40) hours per week, sometimes even as many as 90 or more hours in a week; however, he was paid for only forty (40) hours of his work each week.

11.    Plaintiff is a resident and citizen of Gilmer, Texas.  He was hired by Weatherford in 2011 as a Service Supervisor and held that title until his employment with Weatherford ended in mid-2012.

### III.

## FACTUAL ALLEGATIONS

12.     Weatherford is an oil field service company performing service work on oil and gas wells throughout the United States and the world.

13.     According to Weatherford's website, it is a large, international company that provides the following services related to the oil and gas industry, which is the part of the company in which Coleman was employed:

> Secure Drilling Services, Mechanized Rig Systems, Directional Drilling Systems, Drilling w/ Casing, Drilling Hazard Mitigation, Power Sections, Well Construction, Well Control, Tubular Running Services, Oil County Manufacturing, Drilling Tools-Rentals, Contract Drilling Rigs, Mud Pumps, Fishing Services, Reentry Services, Engineered Chemistry, Wellhead Systems, Drilling Waste Management, Rig Equipment Sales

*See* http://www.weatherford.com (last visited December 31, 2012).

14.     Plaintiff was essentially an oil field mechanic/laborer/technician who spent the majority of his working hours performing manual labor on various oil field projects; the vast majority of his time was spent "in the field" or "on site," not in an office.

15.     Coleman had no authority to hire or fire any other Weatherford employee.

16.     Plaintiff received total compensation of less than $100,000.00 in 2011 and in 2012; he was paid more than $455.00 per week.

17.     Management was not Plaintiff's primary duty; nor were Plaintiff's suggestions and recommendations as to the hiring, firing, advancement, promotion or other change of status of other employees given any particular weight.

18.     Plaintiff was not in charge of any department or subdivision of the company.

19.     Weatherford defrauded Coleman by informing him that he was an "exempt"

employee.

20.     Coleman was required to work during his meal periods and was placed on call for extended periods of time, living for days at a time in a "man-camp" on site for Weatherford's benefit.  During his on-call time, Coleman's actions were severely restricted and he was expected to respond immediately at any request, demand or need of Weatherford or its customers.

21.     Coleman was not compensated in any way for this time.

22.     Coleman was required to answer frequent communications (both telephonic and electronic) from Weatherford and its customers and other Weatherford employees while technically off-duty.  Coleman was required to answer questions concerning company business during personal "off time."  These inquiries were normally received at all hours of the day and night and are all for the benefit of Weatherford, but Weatherford refused to recognize these required actions as work time, and therefore refused to compensate Weatherford for this time.

23.     Weatherford was notified on occasion—and should have known otherwise anyway—about its violations of the Fair Labor Standards Act.

24.     It took no action to correct the violations, despite demands and notice.

25.     Weatherford's actions are willful and are taken with knowledge that its acts violated the wage and hour provisions of the Fair Labor Standards Act.

26.     The unlawful policy followed by Weatherford has been in place for a period in excess of three (3) years and was in place at the time that Coleman began and left his employment with Weatherford.

27.     Coleman received non-discretionary bonuses which supplemented his base salary.

28.     Coleman never had an agreement that his base salary was to be the sum total of

his compensation for all of his hours worked; on the contrary, the non-discretionary bonuses alleged in Paragraph 27 were an integral part of the overall compensation agreement between Coleman and Weatherford.

## IV.

## CLAIM FOR RELIEF

## (Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*)

29.     Coleman re-alleges and incorporate by reference paragraphs stated above as if they were set forth again herein.

30.     At all relevant times hereto Weatherford was, an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. § 203.

31.     At all relevant times hereto Weatherford employed "employee[s]," including Field Supervisors who were engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. § 203.

32.     At all relevant times, Weatherford has had gross annual operating revenues in excess of $500,000.00.

33.     The FLSA requires Weatherford, as a covered employer, to compensate all non-exempt employees for all hours worked, and to compensate all non-exempt employees at a rate of not less than one and one-half times their regular rate of pay for work performed in excess of forty (40) hours in a work week.

34.     Coleman is entitled to compensation for all hours worked.

35.     Coleman is entitled to be paid overtime compensation for all overtime hours

worked; overtime compensation includes the overtime premium as provided for within the FLSA.

36.     Coleman's regular rate of pay includes the payment of all non-discretionary bonuses.

37.     Coleman had no agreement of any kind regarding the applicability of the salary paid by Weatherford to cover hours in excess of forty (40) hours in any given week.

38.     Coleman was the regular recipient of non-discretionary bonus payments.

39.     At all relevant times Weatherford, pursuant to its policies and practices, failed and refused to compensate Coleman for work performed in excess of 40 hours per week.

40.     At all relevant times Weatherford, pursuant to its policies and practices, failed and refused to pay overtime premiums to Coleman for his hours worked in excess of 40 hours per week.

41.     At all relevant times Weatherford engaged in a knowing and willful policy, pattern, and/or practice of requiring or permitting Coleman to perform work in excess of 40 hours per week without compensation.

42.     At all relevant times the overtime work performed by Coleman was required or permitted by Weatherford, for the benefit of Weatherford, and was directly related to such employees' principal employment with Weatherford and is an integral and indispensable part of Coleman's employment with Weatherford.

43.     Weatherford violated the FLSA by failing to pay Coleman for all hours actually worked and by failing to pay Coleman at least one-and-a-half times his regular rates of pay for all hours worked in excess of forty (40) in a workweek.

44. These violations of the FLSA were knowing and willful within the meaning of 29 U.S.C. § 201, *et seq*.

45. The FLSA also imposes specific employment record-keeping requirements, including the obligation to keep accurate records of all hours worked.  By failing to record, report, and/or preserve records of hours worked by Coleman, Weatherford has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine his wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201 *et seq*., including 29 U.S.C. §§ 211(c) and 215(a).  These violations of the FLSA were knowing and willful within the meaning of 29 U.S.C. § 201 *et seq*.

46. Coleman is entitled to the burden shifting provisions regarding proof of hours worked as set out in <u>Anderson v. Mt. Clemens</u> due to the violations of Weatherford.

47. As a result of Weatherford's violations of applicable law, Coleman is entitled to recover from Weatherford the amount of his unpaid wages and overtime compensation, an additional equal amount as liquidated damages, as provided by the FLSA, 29 U.S.C. § 216(b), prejudgment interest, attorneys' fees, litigation expenses and court costs, pursuant to 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

## V.

## <u>LEAVE TO AMEND</u>

48. Coleman reserves the right to amend this Complaint as indicated by the law and as the facts dictate, and to add other plaintiffs to his case with similar claims.

WHEREFORE, premises considered, Plaintiff Tony Coleman prays that Weatherford be summoned to appear herein and answer; further, that this Honorable Court enter a declaratory

judgment, declaring that Weatherford has willfully and wrongfully violated its statutory obligation and deprived Coleman of the protections and entitlements provided him under the law (and particularly the Fair Labor Standards Act as alleged herein); that this Honorable Court order a complete and accurate accounting of all the compensation to which Coleman is entitled; that Coleman be awarded monetary damages in the form of back-pay compensation, liquidated damages equal to his unpaid compensation, plus interest thereupon; that Coleman should have his attorney's fees paid by Weatherford, as well as his expenses, costs and any disbursements required to bring this cause of action; and any other just and proper relief to which he may be entitled.

Respectfully submitted,

**PLAINTIFF TONY COLEMAN**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford Road, Suite 110
Little Rock, Arkansas 72211
Telephone:  (501) 221-0088
Facsimile: (888) 787-2040

By:   /s/ Josh Sanford
Josh Sanford
Texas. Bar No. 24077858
josh@sanfordlawfirm.com